IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnathan D. Simmons, | ) | C/A No.: 1:09-653-TLW-SVH |
| | ) | C/A No.: 1:09-858-TLW-SVH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, John Vickers, Michael Najjar, Warden McCall, and Officer Smith, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, who is proceeding *pro se* in these actions, is an inmate at Perry Correctional Institution ("PCI"). Plaintiff's claims are construed as asserted under 28 U.S.C. § 1983, alleging violations of the Eighth Amendment.

Plaintiff filed two complaints on March 12, 2009, alleging identical facts and claims of excessive force, denial of medical care, and threats by Defendants: (1) C/A No.: 1:09-653-TLW-SVH ("First Action") and (2) C/A No.: 1:09-858-TLW-SVH ("Second Action"). Plaintiff filed the First Action in federal court, and the Second Action in state court. After Defendants removed the Second Action to federal court on April 2, 2009, the cases were consolidated by order of United States Magistrate Judge Robert S. Carr on July 30, 2009.

Before the court are the following motions: (1) Plaintiff's Motion for Preliminary Injunction [Entry #36 in the First Action filed December 22, 2009]; (2) Plaintiff's Motion for Preliminary Injunction [Entry #37 in the First Action filed January 5, 2010]; (3)

Plaintiff's Motion for Preliminary Injunction [Entry #38 in the Second Action filed January 4, 2010]; and (4) Plaintiff's Motion for a Preliminary Injunction [Entry #57 in the First Action; Entry #52 in the Second Action filed July 30, 2010].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for injunctive relief are dispositive motions, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

All but one of Plaintiff's pending motions for a preliminary injunction ask the court to order that he be placed in state-wide protective custody. In Plaintiff's most recent motion, Plaintiff requests protection for a fellow inmate (and alleged witness to Plaintiff's case), for Defendants' alleged use of excessive force and improper "drugging" of the inmate.[1]

III.  Analysis

The court has previously ruled on a request from Plaintiff to be placed in state-wide protective custody or otherwise protected by Defendants, based on the same alleged threats from Defendants [See Order dated July 30, 2009 (Entry #27 in First Action; Entry

---

[1] The fellow inmate is J.E. Rochester, who has previously moved to intervene in this case, although the court denied his motion. Mr. Rochester presumably has improperly attempted to intervene in Plaintiff's case because he is subject to pre-filing review for his previous abuses of the court. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977); *see also* Order of January 29, 1996, entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., then-United States District Judge.

#24 in Second Action)]. For the same reasoning contained in the court's order dated July 30, 2009, Plaintiff's current motions for injunctive relief for his own protection should be denied.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). "Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a 'clear showing' that, among other things, it is likely to succeed on the merits at trial." *Id.* (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008). By statute, the PLRA grants courts the authority to enter a temporary restraining order or an order for preliminary injunctive relief in civil actions concerning prison conditions; however,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings

required under subsection (a) (1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id*. at 526. Here, Plaintiff's motions for injunctive relief must fail. Plaintiff has not clearly stated why he believes he will suffer irreparable harm, nor has he shown he is likely to succeed on the merits. Therefore, Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction.

Plaintiff's motion for injunctive relief related to his fellow inmate and alleged witness also fails. A pro se plaintiff does not have standing to assert claims of other inmates. *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (when determining whether plaintiff has standing to sue

district court must focus on status of party filing complaint rather than the merits of the case); *Laker Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1982) (prisoner cannot act as "knight-errant" for others). Although Plaintiff alleges in his motion [Entry #57/#52] that Defendants have drugged Mr. Rochester "so he can't testify," Plaintiff has never previously alleged Mr. Rochester was a witness to the claims of his complaint.

In addition, Plaintiff has alleged no specific details regarding the alleged "beatings" and "drugging" of Mr. Rochester. Plaintiff has failed to demonstrate any of the elements necessary for a preliminary injunction. Therefore, Plaintiff's motions for injunctive relief must be denied.

IV. Conclusion

For the reasons discussed above, it is recommended that Plaintiff's Motions for Preliminary Injunction [Entries #36, 37, and 57 in the First Action and Entries #38 and 52 in the Second Action] be denied.

IT IS SO RECOMMENDED.

August 9, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**