IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jonathan D. Simmons, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>South Carolina Department of Corrections, )<br>John Vickers, Michael Najjar, Warden )<br>McCall, and Officer Smith, )<br>)<br>　　　　Defendants. )<br>_____) | Civil Action No.: 1:09-653-TLW-SVH<br>Civil Action No.: 1:09-858-TLW-SVH |

# **ORDER**

The plaintiff, proceeding *pro se*, filed two complaints on March 12, 2009. The complaint in the first action, Civil Action No. 1:09-653 ("First Action"), was filed in federal court. The second action was filed in state court, and was removed to this Court on April 2, 2009 and assigned Civil Action No. 1:09-858 ("Second Action"). On July 30, 2009, United States Magistrate Judge Robert S. Carr issued an Order consolidating the two actions.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the United States Magistrate Judge Shiva V. Hodges to whom this case had previously been assigned. (Doc. #66 in the First Action, Doc. #56 in the Second Action). In the Report, the Magistrate Judge recommends that the District Court deny the plaintiff's pending motions for preliminary injunction. The plaintiff filed initial and supplemental objections to the Report.[1] (Docs. #69 and #72 in the First Action, Docs. #58 and #61 in the Second Action). In

---

[1] In the initial objections to the Report, (Doc. #69 in the First Action, Doc. #58 in the Second Action), the plaintiff notes that he also objects an additional Order filed by the Magistrate Judge on August 9, 2010. (Doc. #64 in the First Action, Doc. #54 in the Second Action). The Court has conducted a *de novo* review of the plaintiff's objections to the Magistrate Judge's Order in accordance with the provisions of Federal Rule of Civil Procedure

conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #66 in the First Action, Doc. #56 in the Second Action). For the reasons articulated by the Magistrate Judge, the plaintiff's pending motions for preliminary injunction are **DENIED**. (Docs. #36, #37, and #57 in the First Action, Docs. #38 and #52 in the Second Action).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

August 27, 2010
Florence, South Carolina

---

72(a). In reviewing objections to a nondispositve order of a Magistrate Judge under Rule 72(a), this Court will "modify or set aside any part of the order that is clearly erroneous or contrary to law." After full review of the Magistrate Judge's Order, (Doc. #64 in the First Action, Doc. #54 in the Second Action), in conjunction with the plaintiff's objections, (Doc. #69 in the First Action, Doc. #58 in the Second Action), the Court concludes that the Magistrate Judge's Order is well-reasoned and neither clearly erroneous nor contrary to law. For this reason, the plaintiff's objections to the Magistrate Judge's prior Order are **OVERRULED**. (Doc. #69 in the First Action, Doc. #58 in the Second Action).